THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY BRODERICK *et al.*, Defendants-Appellants.

First District (5th Division) Nos. 1—88—3210, 1—88—3244 cons.

Opinion filed November 27, 1989.

Gary Ravitz, of Chicago, for appellants.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Jane E. Loeb, and William Marback, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Defendants, Larry and Terry Broderick, appeal their convictions, after a bench trial, of felony criminal damage to property. The trial court found each of them not guilty of two counts of aggravated battery. Larry was sentenced to 30 months' probation; Terry was sen-

tenced to 30 months' probation under the Intensive Probation Program or, alternatively, to three months' incarceration. Both were ordered to pay $2,000 in restitution, jointly and severally.

On appeal, defendants allege that the evidence was insufficient to establish their guilt beyond a reasonable doubt. They argue that the witnesses could not distinguish the Brodericks, who were identical twins, from each other and, further, the identifications were not so positive as to be conclusive. We disagree with their claims and affirm the trial court.

The evidence reveals that on July 2, 1987, Dirk Baker left work around 12:30 a.m. and drove to a bar on Archer Avenue to cash his paycheck, as he did every Friday. Baker testified that he cashed his check, played one game of pool, and left the tavern around 1:15 or 1:30 a.m. He also stated that he had had nothing to drink and was accompanied when he left by Kalvin Mullins, a coemployee. Baker and Mullins, who were black, were heading north on Central Avenue when a car with three white males pulled alongside Baker's car, shouted racial insults at Baker and Mullins, and threw three or four beer bottles at the car. Baker pulled into a Town and Country service station, and the other car pulled directly in front of his car. The driver and front seat passenger emerged from their car carrying baseball bats, and the back seat passenger jumped out carrying a tire iron. The three men started beating Baker's car and smashing its windows. Baker also testified that one of the defendants started beating Mullins with the tire iron and another defendant hit Baker with a bat. Mullins tried to drive away in Baker's car but ran into a pole, whereupon he left the car and ran down the street. The three attackers then got into their car and drove away. Baker called the police, and Investigator Gene Gargano from the Cook County sheriff's police responded to the call.

Mullins' testimony was similar to Baker's, except he said that after a passerby took him home, his mother took him to Michael Reese Hospital for treatment of cuts on his forehead. The parties stipulated that the hospital had no records indicating treatment of Mullins on July 2.

Both victims stated that their assailants' car was brown. Although there were several descriptions of the car given by the victims, the variations in them need not be detailed here as they are not relevant to the crucial issue in this appeal—the identifications of defendants as two of the assailants in the car.

Both Baker and Mullins separately identified Terry Broderick from a photo display as an assailant several days after the incident.

There were four separate lineups held on July 22, two in which only Terry appeared and two which included Larry. Viewing the lineups separately, the victims failed to identify Terry, but instead each identified a different lineup volunteer. Baker testified that he did positively identify "one of the Broderick boys" in the second lineup he viewed. (Other evidence concerning the lineups containing Larry is not in the record.) Neither victim ever told investigators that identical twins were involved, and the Brodericks were never placed in the same photo displays or lineups. Baker testified that, contrary to their appearance at trial, the Brodericks were not dressed identically on July 2. Both victims positively identified Larry and Terry Broderick during the trial and also placed the twins as passengers in their car with a third person as the driver.

Denise Hite also identified both Brodericks in court. Hite, who was a former employee of the Town and Country gas station, testified that, accompanied by two friends, she had left a bar directly across the street from the gas station at approximately 2 a.m. on July 2. She said that all the station lights were on and the incident occurred "right [under] all the lights." She observed the two cars pull into the station and saw the two defendants get out of a gray car and beat Baker's car with bats. On cross-examination, Hite said that she had been at the bar since approximately 11 p.m. and had consumed about four beers. She estimated the distance from where she was standing, in the tavern parking lot, to the cars in the station to be from 150 to 200 feet.

Investigator Gargano interviewed Hite at her home on July 2. He testified that she told him that she had seen one assailant, who was larger than the other, strike the black driver with a bat. The investigator reported that Hite initially was not certain that the larger person was one of the Broderick brothers but later in the interview, after stating that she was afraid to get involved, Hite positively identified both Brodericks as the assailants.

Hite testified that she and the Brodericks live in the same neighborhood and that she had known them about seven or eight years. She also stated that she made the first reference to the Brodericks' involvement to Gargano, not the other way around as Gargano claimed. Hite admitted that she did not see the white driver fight with either of the victims.

Gilbert Broderick, a Chicago police officer for 26 years and the defendants' father, appeared as a defense witness and attempted to qualify as an expert regarding the layout of the station and tavern across the street. His drawings were not admitted but he did testify

that, based on his measurements, the distance from the door of the tavern to the cashier's station was 203 feet. The victims had earlier stated that they were parked about five feet from the cashier's station, and Hite stated that she had walked from the tavern to its parking lot when she observed the event. There is no evidence as to the relative positions of these various locations.

The trial court noted the discrepencies regarding Baker's and Mullins' identifications and Hite's uncertainty as to distances and the presence of a third assailant. It concluded that the inconsistencies did not invalidate either the victims' or Hite's positive identification of Larry and Terry Broderick as the persons who had damaged Baker's car, but found that there was insufficient evidence as to which persons had struck the victims.

■■ ■ It is not the function of reviewing courts to retry a defendant when a sufficiency of the evidence claim is raised; rather, the appropriate standard is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237.) The presence of discrepencies or omissions in a witness' description do not in and of themselves generate a reasonable doubt as long as a positive identification has been made. (*People v. Slim* (1989), 127 Ill. 2d 302.) Furthermore, an identification is not necessarily insufficient when the victim's initial description is inaccurate, but his later positive identification is corroborated by other independent evidence. (*People v. Johnson* (1986), 114 Ill. 2d 170.) Finally, it is well settled that in a bench trial, it is the trial court's function to determine the credibility of witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence. *People v. Titone* (1986), 115 Ill. 2d 413.

■ Applying these principles to the present case, we must affirm defendants' convictions. Both victims identified Terry in photograph displays and later positively identified both Larry and Terry in court. These identifications were corroborated by Hite's in-court and out-of-court identifications of both defendants, whom she had known for years. Under these facts, the discrepencies in the victims' initial identification, or misidentification as to Terry, do not mandate a finding that the identifications were insufficient. At best, they merely affect the weight the trier of fact would give to the trial testimony.

Accordingly, we must affirm defendants' convictions for felony criminal damage to property. In so doing, we sadly note that it is indeed unfortunate that, even at this date, a person cannot safely drive

our city streets without the possibility of being subjected to verbal and/or physical abuse solely because of one's skin color.

Affirmed.

LORENZ and PINCHAM, JJ., concur.