Gary D. LEACH *v.* STATE of Arkansas

91-114                                        819 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered November 11, 1991

*Gibbons Law Firm, P.A.* by: *Jefferson K. Faught*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Gary Leach, aged sixteen, and a companion were charged with some nineteen misdemeanor and felony counts of burglary, breaking and entering, criminal mischief and theft of property. The crimes were committed over a period of ten days. Leach pled guilty to eighteen counts and the order of commitment provided that Leach and his parents pay restitution in the amount of $3,670.08 jointly and severally with his co-defendant.

Leach filed a motion to correct an illegal sentence and brings this appeal from the denial of that motion. Leach maintains it was error for the trial court to order him to pay restitution in an amount exceeding the maximum provided in Ark. Code Ann. § 9-27-331(d) (1987), which reads:

> An order of restitution to be paid by the juvenile, his parent, guardian, or custodian may be entered only after the loss caused by the juvenile is proved by a preponderance of the evidence and the amount of restitution may not exceed $2,000.00.

Appellant does not challenge the imposition of joint liability, but contends his several liability is limited to $2,000. He argues that we must construe a legislative enactment exactly as it reads and on that basis a juvenile may not, under any circumstances, be held liable for an amount of restitution exceeding $2,000.

We disagree with that view of the statute. If the legislature had intended the ceiling to apply to a multiplicity of crimes it would have referred to "losses," rather than "the loss." The use of the singular noun clearly suggests that the cap is intended to apply to any *one loss*. Appellant's interpretation would permit an offender to inflict losses of unlimited proportions

upon a community while restricted to the paltry sum of $2,000 in restitution. That interpretation would be both implausible and contrary to the common meaning of the language used in the act. *Hice* v. *State*, 268 Ark. 57, 593 S.W.2d 169 (1980).

Affirmed.