Filed 3/27/14  P. v. Arreola CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE ALBERT ARREOLA,<br><br>    Defendant and Appellant. | H039595<br>(Santa Clara County<br>Super. Ct. No. 211737) |

**INTRODUCTION**

Defendant Jose Albert Arreola pleaded no contest to kidnapping (Pen. Code, § 207, subd. (a))[1], robbery of an inhabited place (§ 213, subd. (a)(1)(A), false imprisonment (§§ 236 & 237), extortion (§§ 518 & 520), and theft or unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a)).  Defendant was ordered to pay victim restitution jointly and severally with his codefendant Christopher Martinez for damages to the victim's vehicle.  On appeal, defendant argues that the trial court erred in ordering him to pay victim restitution for the loss of the vehicle.  He contends that the damage to the car was due to Martinez's negligent driving, which occurred after defendant's involvement in the unlawful taking had terminated.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

## BACKGROUND[2]

On or about February 9, 2010, defendant played dice with the victim, and the victim won $200. Defendant did not have cash on him, so he gave the victim a laptop as collateral.

On February 10, 2010, defendant told the victim that he had the $200 he owed, and defendant invited the victim to come to a residence so that they could exchange the money for the laptop. The victim drove to the residence and met defendant and another male. They played dice in the backyard of the residence, and the victim won. Defendant and the other male punched and kicked the victim and took the victim's wallet, phone, car keys, and ring. Defendant demanded that the victim provide a personal identification number (PIN) to the victim's ATM account. The victim provided the numbers, but defendant's attempt to withdraw funds from an ATM machine was unsuccessful. Defendant returned to the residence and called Martinez. When Martinez arrived at the residence, he beat the victim with a metal pipe. Defendant and Martinez bound the victim's wrists and ankles with duct tape and put a plastic bag over the victim's head. When defendant and Martinez discussed whether to kill the victim, the victim suggested that they take him to Bay 101 casino, where he could withdraw money.

Defendant, Martinez, and the victim drove to the casino in the victim's car. Inside the casino, the victim wrote a personal check to defendant in the amount of $800. As defendant began walking towards the exit, the victim ran away and flagged down a security guard to call the police. Defendant and Martinez left the casino before the police arrived. Defendant left on foot, and Martinez left in the victim's car.

On November 15, 2012, defendant pleaded no contest to kidnapping (§ 207, subd. (a)), robbery of an inhabited place (§ 213, subd. (a)(1)(A)), false imprisonment (§§ 236 & 237), extortion (§§ 518 & 520), theft or unauthorized use of a vehicle (Veh.

---

[2] The factual background is taken from the probation report.

Code, § 10851, subd. (a)), and admitted a great bodily injury enhancement (§§ 12022.7, subd. (a) & 1203, subd. (e)(3)). Defendant also admitted a prison prior (§ 667.5, subd. (b)).

On March 15, 2013, the trial court sentenced defendant to 11 years 8 months in state prison. Defendant was ordered to pay victim restitution in the amount of $12,036.88, which represented the amount of damage to the victim's vehicle. Defendant contested the restitution order, arguing that he had no role in the loss or damage to the vehicle. The trial court disagreed and imposed joint and several restitution.

## DISCUSSION

Defendant contends that the trial court erred in ordering defendant to pay victim restitution jointly and severally because he did not cause damage to the victim's car. He argues that the damage was done after Martinez left in the car and that the damage was not a foreseeable consequence from defendant's conduct.

Section 1202.4, subdivision (f) provides: "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court."

" ' "[T]he standard of proof at a restitution hearing is by a preponderance of the evidence, not proof beyond a reasonable doubt." ' [Citation.]" (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542.) On appeal, we review the trial court's restitution order on an abuse of discretion standard of review. (*Ibid.*) If there is a rational and factual basis for the order, no abuse of discretion will be found. (*Ibid.*)

Numerous courts, including this one, have upheld joint and several restitution orders for compensating victims of crime. (*People v. Zito* (1992) 8 Cal.App.4th 736, 746

3

(*Zito*) [decided under former Gov. Code, § 13967] [3]; *People v. Arnold* (1994) 27 Cal.App.4th 1096; *People v. Madrana* (1997) 55 Cal.App.4th 1044, 1051 (*Madrana*); *People v. Blackburn* (1999) 72 Cal.App.4th 1520.)

In *Zito*, the defendant pleaded no contest to grand theft and failure to file a tax return. (*Zito, supra,* 8 Cal.App.4th at p. 739.) The trial court found the defendant jointly and severally liable for $300,000 in direct restitution. On appeal, the defendant argued that the trial court erred in imposing restitution jointly and severally because he was less culpable than his codefendant. (*Id.* at p. 746.) This court upheld the restitution order, recognizing that "by pleading no contest to grand theft, [the defendant] admits responsibility for the losses. (Pen. Code, § 1016, subd. 3.) He is therefore 'culpable' and is responsible for the full amount of the victim's losses." (*Ibid;* see also *Madrana, supra,* 55 Cal.App.4th at p. 1051.) This court also noted that imposing joint and several liability would be appropriate as it "bolsters the rehabilitative purpose of restitution. An order imposing joint and several liability does not detract from the defendant's responsibility to compensate the victim for his or her losses. To the contrary, it underscores it." (*Zito, supra,* 8 Cal.App.4th at p. 746.)

Similarly here, defendant pleaded no contest to theft or unauthorized use of the victim's vehicle. In doing so, defendant admitted he was culpable, and thus, he undertook the risk of full liability for the victim's losses. (See *Zito, supra,* 8 Cal.App.4th at p. 746.) As we have expressed in *Zito,* holding defendant responsible for the full amount of restitution would not only increase likelihood that the victim will recover damages for the loss of his car, but it would also achieve the rehabilitative goals of restitution. (*Ibid.*)

---

[3] Although *Zito* involved former Government Code section 13967 and not section 1202.4, the pertinent provisions of the two sections are sufficiently similar that *Zito's* reasoning applies to the instant order.

We reject defendant's assertion that *People v. Leon* (2004) 124 Cal.App.4th 620 is similar to this case. In *Leon*, the defendant was ordered to pay joint and several restitution despite the fact that defendant was only involved in and convicted of forging one check while his codefendant was convicted of forging three other checks from the same victim. (*Id.* at p. 622.) The court of appeal reversed, determining that the defendant should only pay restitution for the one check he had forged since there was nothing on the record indicating that he aided and abetted his codefendant in forging the three other checks. (*Ibid.*) In contrast, here, the record reflects that defendant and Martinez acted together in stealing the victim's car, and defendant was ultimately convicted of theft or unauthorized use of the car. The trial court was thus entitled to hold defendant responsible for the loss resulting from a crime for which he was culpable. (See *Zito, supra,* 8 Cal.App.4th at p. 746.)

We also reject defendant's contention that the damage to the victim's car was not a foreseeable consequence of defendant's crime. Defendant's argument appears to raise the issue of whether there was a proximate causal connection between his crimes and the damage to the victim's vehicle. California has "adopted the 'substantial factor' test in analyzing proximate cause." (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1321 (*Holmberg*); see also *People v. Jones* (2010) 187 Cal.App.4th 418, 425 (*Jones*) [there is "no reason why the various principles involved in determining proximate causation . . . should not also apply in awarding victim restitution"].) This standard is " ' "relatively broad" ' " and requires " ' "only that the contribution of the individual cause be more than negligible or theoretical." ' " (*Holmberg, supra,* 195 Cal.App.4th at p. 1321.) A force that plays only a theoretical or infinitesimal part of causing an injury or loss is not a substantial factor, but a minor force that causes harm or loss is a substantial factor. (*Id.* at p. 1322.) " ' " ' A defendant may be criminally liable for a result directly caused by his act even if there is another contributing cause. If an intervening cause is a normal and reasonably foreseeable result of defendant's original act the intervening act is

5

"dependent" and not a superseding cause, and will not relieve defendant of liability. [Citation.] "[ ] The consequence need not have been a strong probability; a possible consequence which might reasonably have been contemplated is enough. [ ] The precise consequence need not have been foreseen; it is enough that the defendant should have foreseen the possibility of some harm of the kind which might result from his act." ' " ' [Citation.]" (*Jones*, *supra*, 187 Cal.App.4th at p. 427.)

In this case, defendant and Martinez stole the victim's car and then drove it to a casino, where the victim was able to contact a security guard. At that point, both defendants fled the scene of the crime to avoid arrest. Under these circumstances, Martinez's act of fleeing from the casino in the victim's car and subsequent damage to the car were reasonably foreseeable consequences. As noted, defendant need not have foreseen this precise scenario. (See *Jones, supra,* 187 Cal.App.4th at p. 427.) It is enough that defendant should have foreseen the possibility that the car would be damaged in the course of committing his crimes. (See *ibid.*) Thus, as defendant's conduct proximately caused the damage to the victim's car, the trial court properly ordered defendant to pay restitution jointly and severally.

**DISPOSITION**

The order of restitution is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.