Filed 6/16/14  P. v. White CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C073583 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F7867) |
| v. | |
| NICHOLAS ROBERT EUGENE WHITE, | |
| Defendant and Appellant. | |

A jury convicted defendant Nicholas Robert Eugene White of evading an officer with disregard for public safety, a felony, in violation of Vehicle Code section 2800.2. The court convicted defendant of driving an unregistered vehicle, an infraction, and failure to provide evidence of financial responsibility, an infraction.

The court sentenced defendant to state prison for the midterm of two years and imposed various fees and fines including a $600 restitution fine and an additional restitution fine (parole fine) in the same amount pursuant to Penal Code section 1202.45. (Unless stated otherwise, statutory citations that follow are to the Penal Code.)

1

Defendant appeals challenging the amount of the two fines. We affirm the judgment.

At sentencing, after imposing a two-year prison term, the court said, "You're ordered to pay restitution fine in the amount of -- that would be different now. That would be what, $600?" The probation officer responded, "I'm sorry, Your Honor. Uhm, yes, it would be." Without objection, the court imposed a $600 restitution fine and a corresponding parole fine in the same amount.

When defendant committed his offense in 2012, the minimum restitution fine was $240 and the maximum fine was $10,000. (§ 1202.4, subd. (b)(1).)

Defendant contends the record thus affirmatively reflects that the trial court misunderstood its discretion in imposing the restitution and parole fines and used $300 as the statutory minimum multiplied by two for the number of years in state prison imposed for the offense. As a result, defendant claims that the court imposed unauthorized fines which violated the ex post facto clause of the federal Constitution. He claims the fines should be reduced to $480, using the statutory minimum in effect at the time of his offense ($240) multiplied by two, or that the matter should be remanded for the trial court to reassess the fines.

The People argue that defendant's challenge to the restitution/parole fines is forfeited by his failure to raise his objection in the trial court.

Citing *People v. Zito* (1992) 8 Cal.App.4th 736, defendant replies that his challenge is not forfeited by the failure to object because an error which violates ex post facto principles constitutes an unauthorized sentence which may be corrected at any time. (*Id*. at pp. 740-742.)

An unauthorized sentence that may be challenged at any time is a sentence that "could not lawfully be imposed under any circumstance in the particular case."

(*People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).) We agree that, if defendant's sentence constituted a violation of the ex post facto laws, the sentence was unauthorized and the defendant is not barred from raising the issue now.

A restitution fine is considered punishment for purposes of ex post facto analysis. (*People v. Hanson* (2000) 23 Cal.4th 355, 360-362; *People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248.)

In *Tapia v. Superior Court* (1991) 53 Cal.3d 282, the California Supreme Court held that provisions in the law that make conduct a crime when it had not been a crime before the enactment of the law, or that increase punishment for a crime, or that eliminate a defense, violate the prohibitions against ex post facto laws if those new provisions are applied retrospectively. (*Id.* at p. 298.)

At the time of sentencing, defendant was properly exposed to a restitution fine ranging from $240 to $10,000. As noted, he was, in fact, assessed a fine of $600.

In this matter, a $600 restitution fine was not an increase in the punishment defendant was exposed to when he committed his crime where the maximum he could have been assessed was, both before and after his crime, $10,000. Thus, there was no ex post facto violation and the sentence was not unauthorized.

Defendant's argument is that the court assessed the fine in error thinking that the minimum fine was $300. Perhaps so. But given the holding in *Scott*, an error of that sort must be brought to the attention of the trial court at the time of sentencing or it is forfeited. Not having objected to the amount of the restitution fine in the trial court, defendant's assignment of error is forfeited.

DISPOSITION

The judgment is affirmed.

    HULL    , Acting P. J.

We concur:

    ROBIE    , J.

    BUTZ    , J.

4