Filed 5/27/25  P. v. Kirkland CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099911 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F00215) |
| v. | |
| DAVID JAMES KIRKLAND, | |
| Defendant and Appellant. | |

In 2012, a jury found defendant David James Kirkland guilty of unlawful use of violence resulting in serious bodily injury and assault by means of force likely to produce great bodily injury.  The trial court sentenced defendant to the upper term of eight years in state prison plus six years for two enhancements:  a one-year enhancement under Penal Code[1] section 667.5, subdivision (a), and a five-year enhancement under section 667, subdivision (a)(1).

In 2023, the trial court recalled the sentence and resentenced defendant pursuant to section 1172.75.  It struck the one-year prior prison term enhancement, refused to strike

---

[1] Further undesignated statutory references are to the Penal Code.

1

the five-year enhancement in the interest of justice, reimposed the original sentence, waived any fines and fees it could, and imposed the minimum of any fines and fees that it could not waive. On appeal, defendant argues the trial court erred in refusing to strike his five-year enhancement because a jury had not found he inflicted great bodily injury, and if he forfeited that claim, his counsel rendered ineffective assistance. He further argues he is entitled to additional presentence credit of 144 days and the trial court erred in failing to award him postsentence credit upon resentencing. Finally, he contends the abstract must be amended to impose the correct minimum restitution fines and to correctly describe his conviction offense. We will reverse imposition of the five-year enhancement, correct clerical errors, and order the abstract corrected to reflect the proper crime of conviction and restitution fines of $240. We will also modify the judgment to include the proper presentence credit. We will remand the case to the trial court to calculate the postsentence credit and resentence defendant.

## BACKGROUND

As relevant here, the information charged defendant with battery causing serious bodily injury and assault by means of force likely to cause great bodily injury. (§§ 243, subd. (d), 245, subd. (a)(4).)

Two people escorted a woman out of a bar because the woman was arguing with an off duty bartender. (*People v. Kirkland* (Nov. 21, 2013, C072754) [nonpub. opn.].)[2] The woman called someone and the woman yelled that the two escorts did not "know who they [we]re messing with." A few minutes later, defendant pulled up and hit one of the escorts (the victim) who lost consciousness only to regain it inside the bar on a pool table.

---

[2] We granted defendant's motion to incorporate this prior appeal into this record by reference.

The evidence at trial established defendant hit the victim in the head with something other than his fist. Thereafter the victim lost consciousness and he woke up on a pool table inside the bar. The victim was transported to a hospital by ambulance and had black eye and a laceration over it. The victim refused stitches.

The jury found defendant guilty of battery causing serious bodily injury and assault by means of force likely to cause great bodily injury. (§§ 243, subd. (d), 245, subd. (a)(4).) Notably, the jury made no findings, nor was it asked to make findings, on the question of whether defendant inflicted great bodily injury. The trial court found defendant had a prior strike. (§ 667, subds. (b)-(i)), a prior serious felony (§ 667, subd. (a)), and served a prior prison term (§ 667.5, subd. (b)). The trial court sentenced defendant to the upper term of four years in state prison doubled to eight years due to his prior strike on each count. The trial court imposed an additional five-year term under section 667, subdivision (a)(1), and an additional one-year term due to his prior prison term under section 667.5, subdivision (b). The trial court stayed the prison term on the assault under section 654.

The probation report reflected defendant was entitled to 289 days of custody credits and local conduct credits calculated pursuant to section 4019. The 2012 abstract of judgment stated these credits as 289 days for custody and 144 days for conduct credit as did the amended 2024 abstract of judgment. In addition, in 2012, the trial court imposed a $1,600 restitution fine under section 1202.4 and imposed and stayed an equal amount under section 1202.45. The court also imposed other fees not relevant here.

In 2023, defendant brought a motion for resentencing under section 1172.75. He asked the trial court to strike his one-year prior prison term enhancement. (§ 667.5, subd. (b).) He also asked the trial court to conduct a full resentencing that he argued included imposing the lower or middle term on his convictions and dismissing his five-year enhancement under section 667, subdivision (a)(1) in the interests of justice.

3

Defendant did not argue the trial court should have stricken the five-year enhancement because the jury did not find he inflicted great bodily injury.

The People agreed the trial court should dismiss defendant's prison prior term enhancement but argued the remaining sentence should remain intact.

At the resentencing hearing, the trial court recalled the sentence and resentenced defendant by striking the one-year prior prison term enhancement under section 667.5, subdivision (b). The court found it was not in the interest of justice to strike defendant's five-year serious felony enhancement under section 667, subdivision (a)(1). As to the fines and fees, the trial court stated it would "impose any actual victim restitution that had previously been imposed at the time of sentencing. But with regard to any discretionary fines and fees, or discretionary restitution fines, the Court would waive anything the Court can waive and set the rest of those at a minimum amount."

Defendant filed a timely notice of appeal.

While the appeal was pending, defendant brought an informal motion in the trial court to correct the fees and restitution amounts in the amended abstract. In the motion, defendant asserted he should have to pay only the minimum restitution fines of $240 that were in effect when he was sentenced. The minutes and amended abstract indicated the trial court granted the request to modify and reflected the amounts as $300 each. There was no hearing on this motion.

DISCUSSION

1. *Five-Year Enhancement*

Defendant contends the trial court erred in refusing to strike his five-year enhancement based on the contention that the trial court, not the jury, found he committed great bodily injury. If his counsel forfeited this error by not objecting in the trial court, he claims his counsel provided him with ineffective assistance. Defendant is correct on the first point and we do not reach the second.

4

Under section 1172.75, subdivision (c), if a trial court reviews the judgment and determines it includes an enhancement under section 667.5, subdivision (b), the trial "court shall recall the sentence and resentence the defendant." In that resentencing, the trial court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)[3] Simply stated, "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

For the crime the jury found defendant committed in this case to have counted as a serious felony for the five-year enhancement under section 667, subdivision (a)(1), defendant must have inflicted great bodily injury. (§§ 667, subd. (a)(4), 1192.7, subd. (c)(8).) Defendant argues the trial court erred in imposing that five-year sentence at his full resentencing, because the trial court, and not a jury, made the finding that defendant inflicted great bodily injury. In support of this argument, defendant relies on *In re Cabrera* (2023) 14 Cal.5th 476, 489, where our Supreme Court concluded that a jury finding of "serious bodily injury" is not the equivalent to a finding of great bodily injury, and a trial court's subsequent determination it is the equivalent violates defendant's jury trial rights under *Apprendi v. New Jersey* (2000) 530 U.S. 466.

In general, claims not raised in the trial court may not be raised for the first time on appeal. (*People v. Saunders* (1993) 5 Cal.4th 580, 589-590.) This rule, however, is not applicable when the defendant asserts he was denied his constitutional right to a jury trial on appeal. (*People v. French* (2008) 43 Cal.4th 36, 46.) This is because the federal

---

[3] Given the express statutory requirement the trial court apply changes in the law that reduce sentences during the resentencing, we reject the People's argument (based on cases decided under section 1172.6) defendant may not challenge the application of a previously imposed enhancement during resentencing.

constitutional right to a jury trial must be expressly and affirmatively waived by the defendant in the trial court in a manner that makes it apparent to all involved -- the trial court, the prosecutor, the defense counsel, and the defendant -- that the defendant had waived or intended to waive his or her right to a jury trial. (*Id.* at p. 47.) Without a waiver, a defendant does not forfeit his Sixth Amendment rights by failing to request a jury trial and the claim had to be addressed on the merits. (*Id.* at p. 48.)

Here, nothing in this record evidences defendant's intentional, voluntary, and knowing waiver of his right to a jury trial on this question. It is not surprising defendant was not asked for, nor did he manifest an express waiver of his jury trial right as to this finding, because it was not until our Supreme Court decided *In re Cabrera* in 2023 that this right existed. As a result, we examine his claim regarding the trial court's implicit finding he inflicted great bodily injury on the merits.

In 2012, great bodily injury was " ' "essentially equivalent" ' " to " 'serious bodily injury' " and included a loss of consciousness that did not require medical treatment. (*People v. Wade* (2012) 204 Cal.App.4th 1142, 1149.) The law shifted when our Supreme Court decided *In re Cabrera*. In that case, the court noted it had previously called serious bodily injury and great bodily injury essentially equivalent and that it had refused to decide whether a particular injury constituted great bodily injury as matter of law. (*In re Cabrera*, *supra*, 14 Cal.5th at pp. 484-485.) Our Supreme court, however, concluded "[n]ear equivalence does not mean that a [jury's] finding of serious bodily injury necessarily entails great bodily injury, and the Sixth Amendment bars sentencing courts from looking beyond the verdict to find that a particular serious bodily injury in fact constituted great bodily injury." (*Id.* at p. 492.) Thus, the trial court's finding that an injury was great bodily injury based solely on the jury's finding of serious bodily injury violated the defendant's rights under *Apprendi*. (*In re Cabrera*, at p. 480.) That is what happened here.

6

That, however, does not end the inquiry. In *People v. Lynch* (2024) 16 Cal.5th 730, the defendant argued he was denied his right to a jury trial on the facts the trial court used to increase his sentence. (*Id.* at p. 745.) In light of this error, our Supreme answered the question of whether this error entitled defendant "to an automatic sentencing reversal and remand, or whether the appellate court should review the question under some form of prejudice analysis." (*Id.* at pp. 745-746, 749.) The Supreme Court rejected the automatic reversal option and held the court should examine the error under the standard set forth in *Chapman v. California* (1967) 386 U.S. 18. (*Lynch*, at pp. 751, 768.) Under this standard, an *Apprendi* "violation is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements. If the reviewing court cannot so determine, applying the *Chapman* standard of review, the defendant is entitled to a remand for resentencing." (*Lynch*, at p. 768.) In conducting this analysis, a reviewing court must examine "the entire cause, including the evidence as to all relevant circumstances." (*Id.* at p. 775.) Also, a reviewing court "may ' "examine[] what the jury *necessarily* did find and ask[] whether it would be impossible, on the evidence, for the jury to find *that* without *also* finding the missing fact as well." [Citation.] In other words, if " '[n]o reasonable jury' " would have found in favor of the defendant on the missing fact, given the jury's actual verdict and the state of the evidence, the error may be found harmless beyond a reasonable doubt.' " (*Ibid.*) Finally, a court "may also find the omission harmless if [it] can conclude beyond a reasonable doubt 'that the omitted [fact] was uncontested and supported by overwhelming evidence.' " (*Ibid.*)

Here, the relevant fact of great bodily injury was not conceded nor uncontested. In fact, it was not submitted to the jury. Further, its existence was not supported by overwhelming evidence. After being hit in the head, the victim lost consciousness. He

7

had a cut on his face and a black eye.  He was transported to the hospital where he refused stiches.  That is the extent of the description of his injuries here.  There are cases which conclude that a loss of consciousness standing alone is substantial evidence of great bodily injury.  (*People v. Wade*, *supra*, 204 Cal.App.4th at pp. 1147-1150.)  But the lesson from *In re Cabrera* is that a jury's finding of substantial bodily injury on these facts does not mean the jury found great bodily injury.  (*In re Cabrera*, *supra*, 14 Cal.5th at p. 492.)  In the absence of this finding, the trial court could not fill this hole by judicial factfinding.

The fact of great bodily injury is the predicate to the imposition of the section 667, subdivision (a)(1) enhancement here and a jury must have found that fact.  It did not and, on this record, we cannot conclude beyond a reasonable doubt that a jury would have found that fact true.  As a result, we must reverse the imposition of this enhancement and return the matter to the trial court for further proceedings.

## 2.  *Presentence Credit*

Defendant asserts the trial court improperly gave him 189 conduct credits under section 4019 instead of the 289 to which he was entitled.  The People concede this issue.

Under section 2900.5, subdivision (a), "In all felony and misdemeanor convictions . . . when the defendant has been in custody, . . . all days of custody of the defendant, . . . shall be credited upon his or her term of imprisonment . . . ."  In calculating actual custody, a defendant receives credit for every day from the first date of custody to and including the date of sentencing.  (*People v. Smith* (1989) 211 Cal.App.3d 523, 525-527.)  Section 4019 further allows defendants to earn conduct credits at the rate of two days of credit for every two days of custody.  (§ 4019, subds. (b), (c) & (f); see also *People v. Verba* (2012) 210 Cal.App.4th 991, 993.)  The erroneous calculation of credits resulting in an unauthorized sentence is not forfeited by failure to object and may be corrected on appeal.  (*People v. Guillen* (1994) 25 Cal.App.4th 756, 764.)

8

Defendant served 289 days of actual custody and under section 4019, the trial court should have awarded 288 days of conduct credits rather than the 144 that he was awarded. We shall order the abstract to be amended accordingly.

### 3. Postsentence Credit

Defendant argues the trial court failed to calculate the actual days in custody he has served between his original commitment and the date of the resentencing. The People properly concede this point.

Section 2900.1 provides that when a defendant has served a portion of a sentence imposed based upon a judgment, which is subsequently modified during the term of imprisonment, the time served "shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal acts."

In *People v. Buckhalter* (2001) 26 Cal.4th 20, 23, our California Supreme Court held, "When . . . an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.' (§ 2900.1.)" Accordingly, "the trial court, having modified defendant's sentence, should have determined all actual days defendant had spent in custody, whether in jail or prison, and awarded such credits in the new abstract of judgment." (*People v. Buckhalter*, *supra*, 26 Cal.4th at p. 41.)

At the resentencing, the trial court did not recalculate the actual days of defendant's custody credit as required. Therefore, we direct the trial court to recalculate defendant's custody credits and to prepare an amended abstract of judgment reflecting the number of actual days defendant served.

### 4. Restitution Fines

Defendant argues the abstract of judgment does not properly reflect the restitution fines ordered by the trial court under sections 1202.4 and 1202.45 in the statutory

9

minimum amounts of $240. The People respond the amount should be the current minimum of $300 as reflected in the abstract. Defendant has the better argument.

Where there is a discrepancy between the oral pronouncement of the court and the abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) This court is empowered to correct any clerical errors in the abstract of judgment in failing to capture the trial court's pronouncement of judgment. (*Id.* at pp. 186-187.)

Here, at resentencing the trial court orally pronounced it was imposing the minimum fines allowed. Based on this statement, we conclude the trial court intended to set the fine at the minimum allowed as of the time of the original sentencing in 2012.

At the time of defendant's original sentencing hearing on October 19, 2012, the minimum restitution fine amount was $240. (Former § 1202.4, subd. (b), added by Stats. 2011, ch. 358, § 1 (Assem. Bill No. 898).) The $240 minimum amount was applicable January 1, 2012, through December 31, 2012. (*Ibid.*) The same was true for the imposed but suspended parole revocation fine. (§ 1202.45, subd. (a).)

It is unconstitutional to impose a sentence pursuant to an ex post facto law. (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9.) An ex post facto law is a law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime when committed. (*People v. McVickers* (1992) 4 Cal.4th 81, 84.) Thus, courts may not impose an increased punishment that became effective following the commission of an offense. (*People v. King* (1993) 5 Cal.4th 59, 79.)

Restitution fines imposed pursuant to section 1202.4, subdivision (b), are a form of punishment. (*People v. Zito* (1992) 8 Cal.App.4th 736, 741.) Thus, it would not have been lawful for the trial court to impose the higher minimum restitution amount allowed in 2023 than allowed by law when it imposed the minimum amount. We therefore will correct this error in the abstract of judgment to reflect the intended $240 restitution fine

under 1202.4 and the intended stayed $240 parole revocation restitution fine under section 1202.45, subdivision (a).

   5.  *Actual Crime Committed*

Defendant next contends the abstract of judgment incorrectly shows his crime of conviction to be section 245, subdivision (a)(1), instead of the actual conviction found by the jury of section 245, subdivision (a)(4).  The People properly concede this point.  We will order the trial court to amend the abstract to reflect section 245, subdivision (a)(4).

DISPOSITION

We reverse the imposition of the five-year enhancement under section 667, subdivision (a)(1).  The trial court is further ordered to amend the abstract of judgment to reflect the crime of conviction as section 245, subdivision (a)(4) and the restitution fines of $240 under sections 1202.4, subdivision (a) and 1202.45, subdivision (a).  We modify the judgment to include presentence credit of a total of 289 days.  We remand the case to the trial court for further proceedings on resentencing, to calculate the actual postsentence credit, and to reflect the updated credit calculations in the amended abstract of judgment. The trial court shall forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


   /s/                              
   Mesiwala, J.


We concur:


   /s/                      
Earl, P. J.


   /s/                      
Feinberg, J.

11