[No. D043917. Fourth Dist., Div. One. Nov. 2, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD LEON, Defendant and Appellant.

**COUNSEL**

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Jeffrey J. Koch and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**McDONALD, Acting P. J.**—Richard Leon waived his right to a jury trial and was tried by the court, which convicted him of passing a forged check (Pen. Code, § 470, subd. (d))[1] and grand theft (§ 487, subd. (a)). The court also convicted Leon's codefendant Leslie Garza of three separate counts of passing forged checks and three counts of grand theft. The court sentenced Leon to prison for the two-year middle term for passing a forged check,

---

[1] All statutory references are to the Penal Code.

stayed imposition of sentence for grand theft (§ 654), and ordered him to pay victim restitution under section 1202.4, subdivision (f) of $13,450 jointly and severally with his codefendant Garza. Leon contends the court erred in ordering him to pay $13,450 restitution.

## FACTS

On September 13, 2002, Michael Farber was hospitalized after suffering a stroke. While he was in the hospital, his checks were stolen from his apartment. Six checks were fraudulently written on Farber's account. One for $2,450 was made out to, and cashed by, Leon. Three totaling $11,000 were made out to, and cashed by, Garza.

The probation department recommended that Leon be ordered to pay $2,450 victim restitution for the check underlying his conviction. However, the court found that he was "part and parcel of what was occurring," showed no remorse, and had no "insight into the bad decision that he made when he did accept the check and cash it and basically taking the funds of an older person who was in a very vulnerable position." It ordered Leon to pay $13,450 victim restitution jointly and severally with Garza.

## DISCUSSION

Section 1202.4, subdivision (f) requires restitution "[i]n every case in which a victim has suffered economic loss *as a result of the defendant's conduct.*" (Italics added.) Under this statutory language, the courts have found that if two defendants convicted of the same crime caused a victim to suffer economic loss, a court may impose liability on each defendant to pay the full amount of the economic loss, as long as the victim does not obtain a double recovery. (*People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1535 [86 Cal.Rptr.2d 134].) However, because $11,000 of Farber's loss resulted from the crimes of Garza, not Leon, and nothing in the record suggests that Leon aided and abetted commission of Garza's crimes, the trial court was not authorized by section 1202.4 to order Leon to pay restitution for a crime he did not commit.

## DISPOSITION

The order that Leon pay $13,450 victim restitution is modified to order him to pay $2,450. The judgment is affirmed as modified.

McIntyre, J., and Irion, J., concurred.