Filed 2/27/13  P. v. Nunez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G046486 |
| v. | (Super. Ct. No. 09NF2905) |
| ANTHONY NUNEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, William L. Evans, Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

Following his conviction for grand theft, appellant Anthony Nunez was ordered to pay restitution to the victim jointly and severally with his brother and codefendant Phillip Nunez.[1]  Anthony argues he was less blameworthy than his brother, and therefore he should only have to pay restitution in proportion to his culpability.  We disagree and affirm the judgment.

FACTS

Anthony was charged with committing grand theft against Joseph Lopez.  After pleading guilty to the charge, he was placed on probation and ordered to serve 120 days in jail.  The court then held a hearing on the issue of restitution.

At the hearing, Lopez testified he lived with the Nunez brothers from about December 2008 to March 2009.  During that time, he not only paid the Nunez brothers rent, he also loaned them an extra $10 or $20 from time to time because they threatened to "kick [his] ass."  Lopez asked them to repay the money, but they refused.

After Lopez moved out, the Nunez brothers came to his residence four or five different times and asked him for money.  On each occasion, they accompanied him to the post office to pick up his monthly pension check of $985.  Then they made him cash the check and give them all the money.  Lopez testified that he felt threatened by the Nunez brothers and that "they" forced him to give them the cash.  In fact, one time in August or September 2009, he and Phillip had a brief physical confrontation over one of his pension checks.  Following that incident, Lopez called the police and reported the thefts.

Based on this evidence, the trial court ordered restitution in the amount of $3,940 (four pension checks worth), plus interest.  Because the Nunez brothers were both involved in the thefts, the court ordered them jointly and severally liable for the full amount of Lopez's losses.

---

[1]  To avoid confusion we will refer to the Nunez brothers by their first names; no disrespect is intended.

DISCUSSION

Anthony argues the trial court erred in imposing the restitution award jointly and severally because he was less culpable than his brother. The argument fails on both factual and legal grounds.

Penal Code section 1202.4 provides, "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (Pen. Code, § 1202.4, subd. (f).)

"'"[T]he standard of proof at a restitution hearing is by a preponderance of the evidence, not proof beyond a reasonable doubt."' [Citation.]" (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542.) On appeal, we review the trial court's restitution order under the deferential abuse-of-discretion standard. (*Ibid.*) If there is a rational and factual basis for the order, no abuse of discretion will be found. (*Ibid.*) However, a restitution order premised upon a demonstrable legal error cannot stand. (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)

The factual premise of Anthony's argument is that he was far less culpable than his brother for the thefts. However, Lopez testified that both Anthony and Phillip threatened him, came to his house and forced him to give them his pension money. Although Lopez did not say whether Anthony was involved in the September 2009 incident, the evidence shows the Nunez brothers worked in concert to intimidate Lopez and shared their ill-gotten gains. The record simply does not support Anthony's claim he was substantially less blameworthy than his brother.

Even if Anthony were less culpable, he would still be on the hook for the full amount of the restitution award. Relying on *People v. Millard, supra,* 175 Cal.App.4th 7, Anthony contends the tort principle of comparative fault applies to criminal restitution orders. However, *Millard* is inapt here. The defendant there was

3

convicted of criminal negligence, not intentionally harming the victim. (*Id.* at p. 39.) The amount of restitution was reduced because the victim's own negligence contributed to the harm he suffered. (*Ibid.*) Here, Anthony was not merely criminally negligent; he engaged in intentional conduct in stealing Lopez's money. The principle of comparative fault generally does not apply in situations where the defendant intentionally harms the victim. (*Heiner v. Kmart Corp.* (2000) 84 Cal.App.4th 335, 350; Rest.3d Torts, Apportionment of Liability, § 12 ["Each person who commits a tort that requires intent is jointly and severally liable for any indivisible injury legally caused by the tortious conduct."].)

Moreover, Anthony does not allege Lopez contributed to his own injury; rather, he claims the restitution order should be modified because his brother was primarily responsible for the thefts. However, restitution orders may lawfully be imposed jointly and severally regardless of the codefendants' proportionate level of culpability. (*People v. Madrana* (1997) 55 Cal.App.4th 1044, 1051 [restitution order under Pen. Code, § 1202.4]; *People v. Campbell* (1994) 21 Cal.App.4th 825, 834 [restitution ordered as condition of probation]; *People v. Zito* (1992) 8 Cal.App.4th 736, 745 [restitution order under former Gov. Code, § 13967].)

In arguing otherwise, Anthony relies on *People v. Leon* (2004) 124 Cal.App.4th 620. In that case, Leon was convicted of passing one forged check, while his codefendant Garza was convicted of passing three other checks from the same victim. (*Id.* at p. 622.) Even though Leon was not involved with Garza's thefts, the trial court ordered him jointly and severally liable for the full amount of the victim's losses, $13,450. (*Id.* at p. 620.) On appeal, the court determined Leon should only have to pay restitution for the single check he passed. The court reasoned that "because $11,000 of [the victim's] loss resulted from the crimes of Garza, not Leon, and nothing in the record suggests that Leon aided and abetted commission of Garza's crimes, the trial court was

4

not authorized by [Penal Code] section 1202.4 to order Leon to pay restitution for a crime he did not commit."  (*Id.* at p. 622.)

*Leon* is distinguishable because Anthony has not been ordered to pay restitution for a crime he did not commit.  Unlike the defendants in *Leon*, he and his brother did not commit separate crimes but instead worked together in a scheme to coerce Lopez into giving them his money.  Under these circumstances, the trial court properly adjudged Anthony jointly and severally liable for the entire restitution award.  There is no basis for disturbing the court's ruling in that regard.

DISPOSITION

The judgment is affirmed.


BEDSWORTH, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


FYBEL, J.

5