Filed 4/11/14  P. v. Trejo CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OSCAR ALBERTO TREJO,<br><br>    Defendant and Appellant. | 2d Crim. No. B249464<br>(Super. Ct. No. VA128560)<br>(Los Angeles County)<br>MODIFICATION OF OPINION ON<br>DENIAL OF REHEARING<br>(Change in Judgment) |

THE COURT;

It is ordered that the opinion filed herein on March 20, 2014, be modified as follows:

On Page 3, line 6 under the caption *Restitution Fine* delete the words "parole revocation" and insert in their place "mandatory supervision revocation restitution."  The sentence will then read:  We accordingly modify the judgment to reflect that a $280 revocation fine and $280 mandatory supervision revocation restitution fine were imposed.

On page 3 after the last sentence before the caption *Conclusion* add as footnote 2 the follows:

Appellant, in his petition for rehearing, argues that he was sentenced to county jail under the Criminal Justice Realignment Act (Stats 2011, ch. 15, § 1) and is not subject to a parole revocation restitution fine.  (See *People v. Cruz* (2012) 207 Cal.App.4th 664, 672, fn. 6.)  Effective January 1, 2013, section 1202.45, subdivision (b) was amended to provide for a mandatory supervision revocation restitution fine. (Stats 2012, ch. 762, § 1; see *People v. Isaac* (2014) 224 Cal.App.4th 143, 146-147.)   Appellant committed the offenses and was sentenced after the statutory amendment.

On page 3 line 5 after the caption *Conclusion* delete the words "parole revocation" and insert in their place "mandatory supervision revocation restitution."  The sentence will then read:

(4) the imposition of a $280 restitution fine (§ 1202.4, subd. (b)(`1) and a $280 mandatory supervision revocation restitution fine (§ 1202.45 . . .

This modification changes the judgment.

Appellant's petition for rehearing is denied.

NOT FOR PUBLICATION

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>OSCAR ALBERTO TREJO,<br><br>   Defendant and Appellant. | 2d Crim. No. B249464<br>(Super. Ct. No. VA128560)<br>(Los Angeles County) |

Oscar Alberto Trejo appeals from the judgment entered after a jury convicted him of unlawful driving/taking a vehicle (count 1; Veh. Code § 10851, subd. (a)) and receiving a stolen vehicle (count 2; Pen. Code, § 496d, subd. (a)).[1] Appellant admitted a prior vehicle theft conviction (§ 666.5) and was sentenced to three years four months felony jail.  The trial court ordered appellant to pay a $240 restitution fine (§ 1202.4, subd. (b)), a $240 parole revocation restitution fine (§ 1202.45), $9,085.13 restitution to Mercury Insurance, and $3,506.59 restitution to Hector Castillo.  We modify the restitution orders and the award for presentence conduct credits, and affirm the judgment as modified.

*Facts & Procedural History*

On November 25, 2012, a Hispanic man stole Hang Nguyen's  2008 Toyota Camry which was idling in her husband's (David La) driveway.  Six days later, someone stole Hector Castillo's Chevrolet Silverado truck as he fetched a garden hose to clean the windshield.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

On January 4, 2013, officers saw both vehicles, the Toyota and Silverado truck, double-parked in front of a house. One of the drivers (appellant) and two passengers (Gustavo Tejeda and a third man) were in the Toyota. They drove away and, a few minutes later, ran from the Toyota when officers pulled up behind it. The front and rear license plates on the Toyota did not match the Toyota's registered license plate which was on the Silverado truck. Appellant was arrested in a backyard as he tried to discard the Toyota car key.

*$9,085.13 Restitution to Mercury Insurance*

Appellant argues that the trial court erred in ordering $9,085.13 restitution to Mercury Insurance because it did not own the Toyota and was not a direct victim. (§ 1202.4, subd. (f)). The Attorney General agrees. Hang Nguyen was the registered owner of the Toyota. It is settled that the victim's insurance company is not a "direct victim" within the meaning of section 1202.4. (*People v. Birkett* (1999) 21 Cal.4th 226, 229.) Regardless of whether the victim was reimbursed by his or her insurance company, the victim is entitled to restitution. (*People v. Hamilton* (2003) 114 Cal.App.4th 932, 941.) The trial court is directed to modify the judgment to reflect that appellant is ordered to pay Hang Nguyen $9,085.13 victim restitution. (*People v. Smith* (2001) 24 Cal.4th 849, 853-854.)

*$3,506.59 Restitution to Hector Castillo*

Appellant contends, and the Attorney General agrees, that the order to pay Hector Castillo $3,506.59 restitution (owner of the Silverado truck) must be stricken because appellant was granted a judgment of acquittal on count 3. Codefendant Gustavo Tejeda was found guilty on count 3 but appellant was not. Section 1202.4 does not authorize a trial court to order restitution for crimes committed by a codefendant but not the defendant. (*People v. Leon* (2004) 124 Cal.App.4th 620, 622.)

*Custody Credits*

Appellant was awarded 159 days actual custody and 159 days conduct credit for a total of 318 days presentence custody credit. Section 4019, subdivision (f) provides: [A] term of four days will be deemed to have been served for every two days spent in actual custody" where the crime is committed on or after October 1, 2011. (See § 4019, subd. (h);

2

Cal. Criminal Law: Procedure & Practice (Cont;Ed.Bar 2013) § 37.58, p. 1138 [discussing 50 percent credit rule]l *People v. Lara* (2012) 54 Cal.4th 896, 906, fn. 9).) Appellant was in custody 159 days and is entitled to only 158 days conduct credit. (§ 4019, subd. (f).)

*Restitution Fine*

The Attorney General argues that the trial court erred in imposing a $240 restitution fine (§ 1202.4, subd. (b)) and a $240 parole revocation fine (§ 1202.45). Commencing January 1, 2013, the minimum restitution fine was $280. (See § 1202.4, subd. (b)(1).) Although the Toyota was stolen November 25, 2012, appellant's conviction was based on his January 4, 2013 conduct. We accordingly modify the judgment to reflect that a $280 revocation fine and $280 parole revocation fine were imposed. (§ 1202.4, subd. (b)(1); *People v. Smith, supra,* 24 Cal.4th at pp. 853-854 [section 1202.45 revocation fine must be in same amount as restitution fine; error may be corrected on appeal].)

*Conclusion*

The trial court is directed to modify the judgment and amend the abstract of judgment to reflect that: (1) the order to pay Mercury Insurance $9,085.13 victim restitution is stricken; (2) appellant is ordered to pay $9,085.13 victim restitution to Hang Nguyen, (3) the order to pay Hector Castillo $3,506.59 restitution is stricken; (4) the imposition of a $280 restitution fine (§ 1202.4, subd. (b)(1)) and a $280 parole revocation fine (§ 1202.45); and (5) that appellant was awarded 159 days custody credit and 158 days conduct credit for a total of 317 days presentence custody credit,

As modified, the judgment is affirmed,

NOT TO BE PUBLISHED.

YEGAN, J.

**We** concur:

GILBERT, P.J.

PERREN, J.

3

Robert J. Higa, Judge

Superior Court County of Los Angeles

_____

D. Inder Comar, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, Yun K. Lee, Deputy Attorney General, for Plaintiff and Respondent.