Filed 8/25/16  P. v. Heath CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY J. HEATH,<br><br>        Defendant and Appellant. | A145457<br><br>(Contra Costa County<br>Super. Ct. No. 04-172487-1) |

Defendant and petitioner Jeffrey J. Heath appeals from the trial court's order denying his petition for redesignation of his conviction for receiving stolen property, a felony, to a misdemeanor.  The court found that Heath was not eligible for this redesignation because a prior court restitution order established that the dollar value of the stolen property was greater than the statutory limit for such a misdemeanor.  We conclude that, as the People assert, Heath has forfeited his appellate claim that the court acted in excess of its authority by considering this prior order and otherwise has not established that the trial court erred in denying his petition.  Therefore, we affirm the trial court's order.

**BACKGROUND**

In March 2012, the Contra Costa County District Attorney charged Heath in a felony complaint with receiving stolen property (Pen. Code, § 496, subd. (a)[1]), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and possession of dihydrocodeinone (*id.*, § 11350, subd. (a)).  Heath was alleged to have suffered a prior

---

[1] All statutory references herein are to the Penal Code unless otherwise stated.

1

strike offense (§§ 667, subds. (b)–(i), 1170.12) and a prior serious and violent felony (§ 1170, subds. (f), (h)(3)(A)), and to be probation ineligible (§ 1203, subd. (e)(4)).

In October 2012, Heath pleaded no contest to receiving stolen property. The court accepted his plea, dismissed the remaining counts, ordered Heath to serve time in county jail that was deemed to have been completed at the time of sentencing, and placed him on formal probation subject to certain terms and conditions.

Subsequently, in February 2013, the court ruled on whether Heath should pay the victim restitution. The court considered the county probation department's restitution supplemental report, which stated the victim claimed the total value of the property missing and damaged from her home was $1,270. This included "a flat screen TV ($550.00), Coin Collection ($200.00), Leatherjacket ($60.00), Hooded Jacket, GPS Handling Device ($80.00), Samsung Cell Phone ($40.00), numerous items of ladies clothing ($150.00) and missing jewelry valued at $150.00." The court ordered Heath to pay $1,270 in restitution to the victim.

Two years later, in May 2015, Heath filed a petition pursuant to a provision in Proposition 47, the Safe Neighborhoods and Schools Act (Act), specifically section 1170.18, subdivision (a), to have his offense designated as a misdemeanor. Heath did not support his petition with any documentation in support of his request.

The court held a very short hearing on Heath's petition. The court began the hearing by stating, "I have a question as to the value." The prosecution replied that "in the front of the court file is a restitution order signed by a judge for $1,270 in victim restitution." Heath's counsel responded, "I would just ask the Court to grant [Heath's petition] because in this case it appears there were two co-defendants participating, so that the amount of loss for each individual would be under $950. And I don't believe there's any—I believe the sole objection from the prosecution is on the amount of the loss, not on any other category, but that the loss exceeds $950 is their objection." The court responded, "But it's fundamental principle of liability that co-participants are jointly and severally liable for the full amount, so I'm going to deny the petition." The

2

court subsequently issued a written order denying Heath's petition without further elaboration.

Heath filed a timely appeal from the court's order denying his petition.

## DISCUSSION

Heath argues that the trial court's order must be reversed because "nothing in the record of conviction establishes that [Heath] admitted, or the court found true beyond a reasonable doubt, that the value of the property exceeded $950." Heath further argues that the "adjudicated facts are only that [Heath] received stolen property. Consequently, the record fails to establish the element necessary to classify the offense as a felony—that the value of the property exceeded $950." Heath has forfeited this appellate argument by not first raising it in the trial court and we otherwise find the trial court did not err in denying Heath's petition.

Prior to the Act's enactment, a district attorney or grand jury could, but was not required to, designate that a person charged with receiving stolen property had committed a misdemeanor if the property's value did not exceed $950.[2] The Act amended the relevant statutory provision, section 496, subdivision (a), to require a district attorney or grand jury to designate that a person charged with receiving stolen property worth no more than $950 committed a misdemeanor, with certain exceptions not applicable here.[3]

---

[2] Former section 496, subdivision (a) stated in relevant part: "Every person who . . . receives any property that has been stolen . . . knowing the property to be so stolen . . . shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of section 1170. However, . . . in the interests of justice, the district attorney or the grand jury . . . may, if the value of the property does not exceed nine hundred fifty dollars ($950), specify in the accusatory pleading that the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year." (Stats. 2011, ch. 15, § 372.)

[3] Section 496, subdivision (a) now reads in relevant part: "Every person who . . . receives any property that has been stolen . . . knowing the property to be so stolen . . . shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year,

Penal Code section 1170.18 is also part of the Act. It provides that a convicted felon who would have been guilty of only a misdemeanor if the Act had been in effect when he or she committed the offense may file a petition to either recall the sentence and request resentencing (§ 1170.18, subd. (a))[4] or, if the person has completed the sentence, may file an application before the trial court that entered the judgment of conviction in the case to have the felony conviction or convictions designated as a misdemeanor. (*Id.*, subd. (f).)[5] If the petitioner's "application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor." (*Id.*, subd. (g).) "Unless requested by the applicant, no hearing is necessary to grant or deny an application filed under subsection (f)." (*Id.*, subd. (h).)

Heath argues the trial court improperly relied on the previous restitution order that required him to pay $1,270 to the victim in determining his eligibility for redesignation under Proposition 47. He asserts, "the court is limited to an examination of the record of conviction" to determine whether the adjudicated facts establish the value of the property. Relying on the language of section 1170.18, subdivisions (a) and (b),[6] he insists that

---

if such person has no prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."

[4] Section 1170.18, subdivision (a) states in relevant part: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Section[] . . . 496 . . . as . . . amended . . . by this act."

[5] Section 1170.18, subdivision (f) states in its entirety: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors."

[6] Section 1170.18, subdivision (b) states in relevant part: "Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the

neither party had the burden of proving the question of eligibility "because the statute does not call for an evidentiary hearing," but, rather, calls for "a sentencing hearing."[7] Therefore, he contends, the court "must look to the record of conviction to determine whether any findings were made showing the elements of the felony offense." If not, the petition must be granted.

Heath provides an extensive analysis for his position based on a statutory scheme in the Three Strikes law that he considers similar to section 1170.18. We need not address it, however, because, as the People contend, Heath has forfeited this claim by not first raising it in the trial court. When, at the hearing on Heath's petition, the prosecution referred the court to the previous order that Heath pay $1,270 in restitution, Heath's counsel did not make any objection. To the contrary, he implicitly agreed that the value of the stolen property was $1,270 when he offered his only argument: that because two perpetrators were involved, Heath should not be responsible for the entire value of the stolen property.

To preserve an issue about the admissibility of evidence for appellate review, a defendant must make a timely and specific objection in the trial court on the same ground he asserts on appeal. (*People v. Partida* (2005) 37 Cal.4th 428, 433–434.) " 'To require this is simply a matter of fairness and justice, in order that cases may be tried on their merits. Had attention been called directly in the court below to the particular objection which it is now claimed the general objection of appellant presented, that court would have had a concrete legal proposition to pass on, and counsel for plaintiff would have been advised directly what the particular complaint against the question was. . . . Trial

---

petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Section [] 496 . . . of the Penal Code, . . . [as] amended . . . by this act, unless the court in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.

[7] Heath's petition cites section 1170.18, subdivision (a) as the basis for his petition. However, the record suggests that he had completed both his jail sentence and probation at the time he petitioned for redesignation. Therefore, the legal authority for his petition was actually section 1170.18, subdivision (f). In any event, our analysis is the same under either section 1170.18, subdivision (a) or subdivision (f).

judges are not supposed to have the numerous, varied, and complex rules governing the admissibility of evidence so completely in mind and of such ready application that under an omnivagant objection to a question they can apply with legal accuracy some particular principle of law which the objection does not specifically present.' " (*Ibid*.) The general rule of forfeiture applies to claims based on statutory violations. (*People v. Romero* (2008) 44 Cal.4th 386, 411.) "The reason for this rule is to allow errors to be corrected by the trial court and to prevent gamesmanship by the defense." (*Ibid*.)

Heath argues that forfeiture does not apply here and, if it does, that we should consider his argument anyway. According to Heath, he has merely asked us to resolve a question of law involving whether he was required to present evidence to support his petition and whether the court was limited to the record of conviction. He contends that "[t]he question goes to the court's authority and therefore is not forfeited," citing *In re Steir* (2007) 152 Cal.App.4th 63, 75 (*Steir*) without any elaboration.

In *Steir,* the Attorney General appealed from a trial court's grant of a petition for writ of habeas corpus, which the trial court granted on the ground that Steir was not required under California law to register as a sex offender for an offense he committed in North Carolina. (*Steir*, *supra*, 152 Cal.App.4th at pp. 69–72.) On appeal, the Attorney General argued that the trial court acted in excess of its authority in granting the habeas petition, contending such a remedy was inappropriate when Steir was not in the actual or constructive custody of the State. (*Id*. at p. 72.) The Attorney General had not appeared at the hearing on the petition under ambiguous circumstances and, therefore, the appellate court first addressed whether he had waived his appellate argument or was estopped from making it. (*Id*. at pp. 72–73.) The court pointed out that, unlike a claim that a court lacked fundamental jurisdiction, which could not be waived (*id*. at pp. 76–77), the Attorney General's claim that the court acted in excess of its jurisdiction could be waived, but not if a primary purpose of a statutory right involved is the public benefit. (*Id.* at pp. 77–79 [discussing the public benefit of the sex offender registration statute and the State Medical Practice Act].) The court reached the same conclusion regarding estoppel, determining that a party is estopped from complaining about a judicial action in

6

excess of jurisdiction with which the party expressed agreement below unless an important public policy is implicated. (*Id*. at pp. 80–81.) The *Steir* court concluded the Attorney General had not waived the argument, nor should he be estopped from making it, because of the important public benefits and policies involved. (*Id*. at pp. 77–81.)

As our summary of the case indicates, *Steir* has nothing to do with whether a party who participated in a proceeding below that the court was clearly authorized to conduct may argue on appeal for the first time that the court should not have considered certain facts in making its ruling. Nor does Heath argue that the court's consideration of certain facts implicated an important public benefit. *Steir* is inapposite and has no bearing here.[8]

Heath's argument is essentially that the court erred in conducting an authorized proceeding. Such a claim must first be raised below. To conclude otherwise would contradict long-standing rules about forfeiture and the policies underlying them. (See *People v. Geier* (2007) 41 Cal.4th 555, 613; *People v. Partida*, *supra*, 37 Cal.4th at p. 434; *People v. Romero*, *supra*, 44 Cal.4th at p. 411.) We conclude Heath has forfeited his appellate claims.

Furthermore, assuming for the sake of argument that the trial court erred by considering something outside the record of conviction, it could have easily corrected such an error if Heath had timely raised his issue below. Also, to excuse Heath's failure to do so is to invite gamesmanship in the litigation of the many petitions being filed pursuant to the Act. Therefore, we also reject his request that we exercise our discretion to consider his appellate claims despite his forfeiture.

Heath makes no effort to otherwise challenge the lower court's reasons for denying his petition. The prosecution asserted that the restitution order established that

_____

[8] Indeed, *Steir* appears to hurt rather than help Heath's cause. It suggests that Heath should be estopped from making his appellate claims because he agreed with the court's consideration of the restitution order, and sought to use the order to his advantage. When the prosecution asserted the court's restitution order set the value of the stolen property at $1,270, Heath's counsel appeared to adopt this valuation to contend that Heath, as only a co-perpetrator of the criminal offense, was responsible for only half of it and, therefore, that his "portion" of the stolen property did not exceed $950. We do not consider estoppel, however, because the People do not raise it.

the amount of the stolen property was $1,270. Heath's counsel implicitly conceded this fact, asserting only that Heath should not be held liable for the entire value of the stolen property because a second perpetrator was involved, which the trial court pointed out is legally incorrect. Heath does not challenge this aspect of the court's ruling on appeal, nor could he; the joint and several liability of persons committing criminal acts together is well-established. (See, e.g., *People v. Leon* (2004) 124 Cal.App.4th 620, 622 [trial court may impose liability on each defendant to pay the full amount of the economic loss as long as the victim does not obtain a double recovery].)

In light of our conclusion that Heath forfeited his appellate claim that the court should not have considered the previous restitution order and the parties' contentions in the proceedings below, we need not address Heath's additional appellate argument that neither party had the burden of proving that the value of the stolen property involved did not exceed $950, nor the People's contention that we should follow recent case law that has held a person petitioning pursuant to the Act has this burden. (See *People v. Sherow* (2015) 239 Cal.App.4th 875, 880 [petitioner bears the burden of showing he is eligible for resentencing]; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449–450 [trial court properly denied "resentencing petition because [petitioner] failed to satisfy his burden to prove the value of the property he took from the store did not exceed $950"].)

In short, we conclude Heath has not established that the trial court erred in denying his petition.

## DISPOSITION

The order appealed from is affirmed.

_____
STEWART, J.


We concur.


_____
RICHMAN, Acting P.J.


_____
MILLER, J.


*People v. Heath* (A145457)

9