Filed 6/5/26  P. v. Miranda CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B340714 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA056316) |
| v. | |
| HUMBERTO MIRANDA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Affirmed in part and remanded in part with directions.

Michael H. Casey, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Roberta L. Davis and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2008, a jury convicted Humberto Miranda of attempted premeditated murder, second degree robbery, assault with a firearm, and possession of a firearm by a felon. The jury also found true several sentencing allegations. The trial court sentenced Miranda to 59 years to life in prison under the "Three Strikes" law (Pen. Code,[1] §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). His sentence included prior prison term sentence enhancements, which have since been abrogated. Miranda was entitled to a full resentencing. At that resentencing Miranda asked the trial court, among other things, to strike his prior strike convictions in addition to the now-invalid prior prison term enhancements. The trial court refused to strike his prior strike convictions. Miranda contends this was an abuse of discretion.

Miranda also contends the trial court erred when it delegated recalculation of his custody credits to the Department of Corrections and Rehabilitation instead of doing the recalculation itself. Finally, he argues the trial court erroneously reimposed the original restitution order without the prior condition of joint and several liability as to his two codefendants. The People agree with the last two contentions. We agree as well. We affirm the judgment but remand with directions to the trial court to recalculate Miranda's custodial credits and to reimpose the restitution order with joint and several liability.

---

[1]     Undesignated statutory references are to the Penal Code.

## PROCEDURAL BACKGROUND

Miranda was jointly charged with Steven Garcia and George Hernandez with the premeditated attempted murder and second degree robbery of Rustam K. Miranda alone was charged with possession of a firearm by a felon and assault with a firearm. He was also charged with criminal street gang enhancements under section 186.22, subdivision (b)(1)(C), firearm enhancements under section 12022.53, subdivisions (b), (c), (d), and (e)(1), prior prison term enhancements under section 667.5, subdivision (b), and prior strike convictions under the Three Strikes Law. A jury convicted Miranda of all substantive offenses and most of the enhancements. In a bifurcated trial the court found true two Three Strikes priors and two section 667.5, subdivision (b) prior prison terms. The trial court sentenced Miranda to 59 years to life in prison. (*People v. Miranda* (2011) 192 Cal.App.4th 398, 402–403.) It also imposed a victim restitution order of $74,742.84 subject to joint and several liability with the two codefendants.

Before 2020, the Penal Code directed criminal sentencing courts to impose a one-year term for each prior separate prison term or county jail term the defendant had previously served for a felony. Effective January 1, 2020, the Legislature eliminated these one-year prior prison term enhancements except in cases involving prior terms for sexually violent offenses. Two years later, the Legislature made the change retroactive. The Legislature also established a mechanism by which individuals serving a term for a judgment with such an enhancement would be resentenced. (§1172.75, subd. (b); *People v. Rhodius* (2025) 17 Cal.5th 1050, 1053–1054.)

3

In 2022, the Department of Corrections and Rehabilitation identified Miranda as an inmate eligible for resentencing because he was serving a sentence with now-invalid prior prison term enhancements. On April 22, 2024, Miranda filed a petition to recall and resentence. Miranda also asked the court at resentencing to strike at least one of his two prior strike convictions which formed the basis of his sentence under the Three Strikes Law. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.)

The trial court dismissed the prior prison term enhancements, vacated and dismissed the gang enhancements, and denied the *Romero* motion to strike the prior strike convictions. Miranda was resentenced to 25 years to life in prison. The court stated the restitution order of $74,742.84 remained. This appeal followed.

## FACTUAL BACKGROUND

We draw the facts, as do the parties, from our opinion affirming Miranda's judgment of conviction. In brief, Miranda and three other men drove up to a car parked at a gas station. The victim was seated in the parked car smoking marijuana. Two of the men got out and asked the victim where he was from. He responded, "Nowhere." He also declined to share with the men the marijuana he was smoking. One of the men pulled a gold chain off the victim, who gave chase. The victim heard gun shots and saw Miranda firing a handgun at him. The victim was hit twice. After a high-speed chase ending in a crash into a light pole, police arrested three of the four men in the car, including Miranda. The fourth was never apprehended. (*People v. Miranda, supra*, 192 Cal.App.4th at p. 404.)

4

## DISCUSSION

I. *The Trial Court Did Not Abuse Its Discretion in Denying the Romero Motion.*

On appeal Miranda argues that the trial court did not give sufficient weight to the mitigating factors he presented to support a reduction of sentence.  Under section 1385, subdivision (a), a trial court may dismiss a prior strike conviction for sentencing purposes in furtherance of justice.  (*Romero, supra*, 13 Cal.4th at pp. 529–530.)  In deciding whether to strike a prior conviction, the relevant factors for the court to consider are " 'whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more' " strike convictions. (*People v. Carmony* (2004) 33 Cal.4th 367, 377, quoting *People v. Williams* (1998) 17 Cal.4th 148, 161.)

A trial court's refusal to dismiss or strike a prior strike conviction is reviewed for abuse of discretion.  (*People v. Carmony, supra*, 33 Cal.4th at p. 375.)  The party attacking the sentence must show that the trial court's decision not to dismiss or vacate a prior strike was irrational or arbitrary.  (*Id.* at p. 377.)  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives.  A decision will not be reversed merely because reasonable people might disagree about whether to strike a prior conviction or the trial court did not explicitly articulate all relevant factors and focused on one aggravating factor only.  An appellate tribunal is neither authorized nor warranted in

substituting its judgment for the judgment of the trial judge. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977– 978, superseded by statute on another ground as stated in *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.)

Here Miranda asked the court to consider striking at least one of his prior strike convictions because of several mitigating factors: physical abuse he suffered as a child at the hands of his father; abuse which drove him out to the streets where he encountered and engaged in criminal gang culture; his youth when he sustained his two prior strikes (he was 16 and 17 years old); his youth when he sustained the current convictions (he was 23 years old); his almost six years of discipline free custody time; promises of postrelease support from family and friends; and his extraordinary record of participating in vocational and educational programs while incarcerated.

In declining to strike any of the prior strike convictions, the trial court reviewed the probation report, which included Miranda's criminal history and his age at the commission of the offenses in his record. The trial court stated: "The strikes in this case were two juvenile robberies from 1999 and 2000. [¶] Mr. Miranda was born in 1983, so he was 16 and 17 at the time of the juvenile robberies which made them strikes, which was a long time ago, but this case arose in 2006, so only six years later with intervening convictions. [¶] Well, at the time of the sentencing in this case and I still believe today he's still an appropriate subject to be dealt with under the Three Strikes Law. [¶] I am going to resentence him, which is going to change his sentence, but I'm not going to strike a strike here today. So the *Romero* motion is denied."

6

We find no abuse of discretion. The trial court was aware of Miranda's age at the time of his offenses and articulated its view that Miranda was not outside the spirit of the Three Strikes Law given that he had committed three felonies within a span of six years.  There was no "crime-free cleaning period of rehabilitation." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.)  In asking us to find an abuse of discretion, Miranda argues that the court did not give appropriate weight to his youth.  As set out above, we do not reweigh the evidence as we are not authorized to substitute our judgment for that of the trial court.  That the court did not comment on other mitigating factors does not render the resentencing improper.  (*People v. Downey* (2000) 82 Cal.App.4th 899, 919 [court not required to state reasons for rejecting factors in mitigation].)  The trial court's decision not to strike the strike priors was neither arbitrary nor irrational.

II.    ***The Trial Court Erred in Reimposing the Victim Restitution Order Without Joint and Several Liability.***

When Miranda was originally sentenced, the trial court imposed a restitution order of $74,742.84 on all three defendants. The court ordered joint and several liability, that is, "each defendant is entitled to a credit for any actual payments by the other." (*People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1535; *People v. Leon* (2004) 124 Cal.App.4th 620, 622 [if two defendants convicted of the same crime caused economic loss, a court may impose liability on each defendant to pay the full amount of the economic loss, as long as the victim does not obtain a double recovery].)  Thus, the trial court has "the authority to order direct

7

victim restitution paid by [all] defendants jointly and severally." (*Blackburn,* at p. 1535.)

Miranda argues, and the People agree, that to prevent the possibility of unjust enrichment—a double recovery by the victim—the restitution order must be corrected to reflect joint and several liability. We agree and direct the trial court to do so.

III. ***The Trial Court Erred in Delegating the Recalculation of Custody Credits to the Department of Corrections and Rehabilitation***

Miranda contends, and the People agree, that the trial court erred in delegating the recalculation of his custody credits to the Department of Corrections and Rehabilitation. We agree also. The trial court should have recalculated and pronounced the number of custody credits Miranda had garnered to the date of resentencing.

"[W]hen a prison term already in progress is modified . . . the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.) We remand the matter to the trial court to recalculate Miranda's custody credits.

## DISPOSITION

The judgment is affirmed.  The matter is remanded so the trial court can recalculate appellant's custody credits and correct the abstract of judgment to reflect joint and several liability for the victim restitution order.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

VIRAMONTES, J.